IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| BRENDA MARCH and ELEANOR GRAZIANO, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>FIRST CHOICE MEDICAL, PLLC<br><br>   Defendant. | Civil Action No.: 15-cv-3669<br><br>**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL OF CLAIMS WITH PREJUDICE** |

  Plaintiffs and Defendant, jointly, file this Joint Motion for Approval of Settlement and Dismissal of Claims with Prejudice.

  1. In this Action, Plaintiffs allege that Defendant First Choice Medical, PLLC ("First Choice") failed to pay overtime premium wages in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law. Plaintiffs also claim violations of the New York Wage Theft Protection Act, and failure to pay wages under the New York Labor Law.

  2. The Parties continue to dispute the validity of the claims in general and the amount of wages and other relief due to the Plaintiffs (if any), and Defendant denies each and every claim made by Plaintiffs in the Action. However, the Parties desire to fully and finally resolve any and all disputes regarding any and all of the claims in the Action without the expense of further litigation.

  3. In furtherance of the Parties' mutual desire to resolve their dispute without further litigation between them, they have entered into a Settlement Agreement and Release (the

"Agreement"). A copy of the Agreement is annexed hereto as Exhibit A.

4. Under the terms of the Agreement, Plaintiffs have agreed to withdraw with prejudice all of their claims against Defendant, relating to this Action. Each Party has agreed to incur their own costs, expenses and attorneys' fees in this matter and is waiving their right to seek same at any point in the future except as provided below with respect to Plaintiffs' attorney's fees and costs as set forth in the Agreement. Defendant has agreed to pay Plaintiffs the sum of $110,000.00 in 18 equal monthly installments beginning the 30th day after the Court's approval of the Agreement. The Agreement contains a specific release in Defendant's favor relating to transactions or occurrences which took place prior to the effective date of the Agreement relating to the alleged violations of the FLSA or NYLL.

5. The primary purpose of this motion is to request the Court's approval of the Agreement in accordance with the requirements of the FLSA.

6. The FLSA places certain limits on a current or former employee's ability to waive claims for unpaid wages or overtime under 29 U.S.C. § 216. *See Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728 (1981); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946); *Brooklyn Savings Bank v. O'Neill*, 324 U.S. 697, 706-07 (1945). With only two exceptions, employees cannot waive FLSA claims for unpaid wages or overtime. The two exceptions are for: (1) settlements supervised by the Secretary of Labor; and (2) judicially-approved stipulated settlements. *Le v. SITA Info. Networking Computing USA, Inc.*, 07-CV-86 (JS), 2008 WL 724155, at *1 (E.D.N.Y. March 13, 2008); *see also Lynn's Food Stores, Inc. v. U.S. by and through U.S. Dept. of Labor, Employment Standards Admin., Wage and Hour Div.*, 679 F.2d 1350, 1352-53 (11th Cir. 1982); *Manning v. New York University*, No. 98 civ. 3300 (NRB), 2001 WL 963982, at *11 (S.D.N.Y. Aug. 22, 2001), *aff'd* 299 F.3d 156 (2d Cir. 2002), *cert. denied*

538 U.S. 1035 (2003).

7.     In the wake of *D.A. Schulte*, it has become well-settled that an employee may waive an FLSA claim for unpaid wages or overtime pursuant to a judicially-supervised settlement. *See, e.g., Lynn's Food Stores*, 679 F.2d at 1252-53 (when employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the agreement for fairness); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947); *Bracey v. Luray*, 161 F.2d 128 (4th Cir. 1947) (citing *D.A. Schulte* in holding that judicially-supervised settlement agreement of FLSA claims between employees and employer was enforceable); *DeBraska v. City of Milwaukee*, 11 F. Supp. 2d 1020, 1026-27 (E.D. Wis. 1998) (court-approved settlement of FLSA claim constitutes final judgment with *res judicata* effect).

8.     The Second Circuit has recently held, as well, that stipulated dismissals pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure settling FLSA claims with prejudice require the approval of the district court or the United States Department of Labor to take effect. *Cheeks v. Freeport Pancake House, Inc.* 796 F.3d 199, 206 (2d Cir. 2015). In considering whether to approve an FLSA settlement, the Court should examine the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *Wolinsky v. Scholastic, Inc.* 900 F. Supp. 2d 332, 335 (S.D.N.Y 2012).

9.     In this case, judicial approval of the Agreement and the entering of the attached

3

proposed Order dismissing this Action with prejudice is warranted for the following reasons:

    a.    As set forth in the Complaint (ECF No. 1), Plaintiff Eleanor Graziano was employed by Defendant First Choice as an Assistant Manager from September 2005 to April 2015. (Compl. ¶ 13). Plaintiff Brenda March was employed by First Choice as a manager and floor supervisor from November 2003 to January 2015. (Id. ¶ 6).[1] Both Plaintiffs allege that they were hourly, non-salaried employees who regularly worked in excess of 40 hours per week without receiving overtime compensation, in violation of the FLSA and NYLL. (Id. ¶¶ 10, 17, 39, 42, 46, 50).

    b.    The Complaint also raises claims for unpaid wages stemming from Defendant's time-rounding system, which Plaintiffs allege unlawfully rounds time against them and causes them to not be paid for all time worked. (Id. ¶¶ 9, 16, 19-24, 41-51). Plaintiffs also allege that Defendant failed to provide them with a Notice of Pay Rate as required by the Wage Theft Protections Act ("WTPA"). (Id. ¶¶ 12, 18, 26, 52-56). Ms. March additionally claims that Defendant failed to pay her spread of hours compensation when she worked in excess of ten hours in one day, in violation of the NYLL. (Id. ¶¶ 11, 57-60).

    c.    Defendant asserts in its Answer (ECF No. 6) that at all times it complied with the mandates of the FLSA and NYLL and/or the laws promulgated by the New York State Department of Labor and/or Commissioner of Labor with regard to the payment of wages. (Ans. ¶ 62). Further, Defendant asserts that its acts were

---

[1] The Complaint contains a typographical error as to the start of Ms. March's employment with First Choice. All parties agree that Ms. March began working for First Choice in November 2003.

performed in good faith and to the extent that there is a finding of a prohibited act or a violation, that such violation was not willful within the meaning of the FLSA. (Ans. ¶ 64).

d. The parties exchanged extensive discovery to fully investigate the claims. First Choice responded to Plaintiffs' Interrogatory requests and the parties exchanged approximately 10,000 pages of employment records, time sheets, wage statements, schedules and other documents pertinent to the Action. The parties conducted depositions of both Plaintiffs and a 30(b)(6) deposition of a First Choice representative.

e. During this time, seven additional First Choice employees opted-in to join the litigation pursuant to the FLSA, 29 U.S.C. § 216(b). These opt-in plaintiffs include: Michele Devito, Helene Einbinder, Katrina Jackman, Michele Kern, Jennifer Sammis, Delphine Scaccio, and Melissa Sessa ("Opt-In Plaintiffs").

f. Once all the issues were fully investigated, Plaintiffs moved for class and collective certification, claiming that they were similarly situated to all other hourly First Choice employees they seek to represent. Defendant opposed this motion and both parties moved for partial summary judgment regarding the claims.

g. Upon reviewing the merits, strength and weaknesses of each party's claims and defenses, in September 2016, the parties began initial settlement discussions in an attempt to resolve this matter. Plaintiffs provided Defendant with detailed damage calculations, for settlement purposes, which itemized the amount they allege is owed to them for each of their claims. Plaintiffs also notified Defendant

       that they would withdraw their spread of hours claim since a review of the document production showed that Defendant's employees all earned more than minimum wage; thereby, making them ineligible for spread of hours compensation under the circumstances.

h. On September 27, 2016, the parties attended a telephonic settlement conference with the Court where they exchanged settlement demands and offers and assessed the benefits of a potential settlement as opposed to prolonged and costly litigation, the outcome of which would be uncertain.

i. The parties continued to engage in extensive settlement negotiations, exchanging numerous counter-demands and counter-offers, and reporting to the Court the status of their negotiations on October 11, 2016, October 28, 2016, and November 22, 2016.

j. On December 5, 2016, the parties reported to the Court that they reached an agreement in principal.

k. As set forth in the damage calculation model, as well as numerous conversations between the parties, should they prevail at trial, Plaintiffs' and Opt-In Plaintiffs' maximum recovery for their overtime claims amounts to $5,672.81, through December 31, 2015, plus $5,672.81 in liquidated damages, totaling $11,345.63, plus reasonable attorneys' fees, costs and any interest awarded. Their maximum recovery for unpaid wages stemming from time-rounding amounts to $34,419.00, through December 31, 2015, plus $34,419.00 in liquidated damages, totaling $68,838.00, plus reasonable attorneys' fees, costs and any interest awarded. Their maximum recovery on their WTPA claims amount to $22,500.00, plus reasonable

Case 2:15-cv-03669-GRB Document 46 Filed 01/25/17 Page 7 of 9 PageID #: 225

        attorneys' fees, costs and any interest awarded.

l.   With respect to the claim for unpaid wages as a result of time-rounding, Defendant claimed that Plaintiffs' allegations did not accurately reflect the time-rounding system at issue. Defendant claimed that although the time-rounding function of the time-clock utilized by Defendant could potentially short an employee of between 4 and 26 minutes of pay per day, Defendant chose to instead not deduct the time that employees were on their 30-minute meal period each day to account for any such difference, making their time-rounding practices compliant with FLSA regulations. The parties then disputed whether Defendant provided a "bona-fide" lunch break to potentially justify Defendant's position, with each side submitting witness affidavits supporting their respective positions.

m.   For purposes of settlement discussions only, the parties assumed that Plaintiffs and Opt-In Plaintiffs would prevail on their overtime and WTPA claims and that Defendant has a strong likelihood of prevailing on the time-rounding claim. As such, Defendant agreed to pay the maximum recovery Plaintiffs and Opt-In Plaintiffs would have recovered at trial on their overtime and WTPA claims as well as their full amount of unpaid wages, excluding liquidated damages, plus reasonable attorneys' fees, costs and expenses.

n.   Taking into account the possibility of additional liquidated damages, attorney fees, interest, and Defendant's ability to withstand any greater judgment, the parties were ultimately able to agree that the total sum of $110,000.00 was fair and reasonable to resolve the matter.

10.   The Agreement calls for Plaintiffs and Opt-In Plaintiffs to receive $69,323.07 of

the $110,000.00 settlement as payment for wages and WTPA violations, and $35,792.54 paid directly to their counsel, as payment for attorneys' fees as well as $4,884.39 as payment for costs expended on their behalf, related to the prosecution of their claims.

11. The fee being paid to Faruqi & Faruqi, LLP, Bonnett Fairbourn Friedman & Balint, P.C., and The Sultzer Law Group, on Plaintiffs' behalf, constitutes a reasonable attorneys' fee of $35,792.54, or 32.5% of the gross settlement amount.

12. Notably, Plaintiffs' counsel was retained on a purely contingency basis, and had advanced all of the costs and shouldered all of the risks of the litigation. "Courts in this Circuit have often approved requests for attorneys' fees amounting to 33.3% of a settlement fund." *See Karic v. Major Automotive Companies, Inc.* 09 CV 5708 (CLP) (E.D.N.Y. April 27, 2016). This case has been actively litigated since June 2015 and has gone through extensive discovery and motion practice. Accordingly, it is respectfully submitted that Defendants' payment of $35,792.54 in attorneys' fees and $4,884.39 in costs and expenses directly to Plaintiffs' counsel is fair and reasonable.

13. The Agreement also calls for a specific release of all wage-related claims that were or could have been raised under the FLSA and NYLL, as the parties are mindful that courts express concern over general releases in FLSA settlements. *See, e.g., Cheeks,* 796 F.3d at 206. In order to eliminate any ambiguity as to what the release covers, the parties have specifically carved out, from the release, any claims Plaintiffs Ms. March and Ms. Graziano may have relating to their previously filed Charges of Discrimination with the United States Equal Employment Opportunity Commission..

14. Accordingly, the Parties represent to the Court that the Agreement: (1) is fair to all parties; (2) reasonably resolves a bona-fide disagreement between the parties with regard to

8

the merits of each party's' claims; and (3) demonstrates a good faith intention by the parties that their respective claims for liability and damages be fully and finally resolved, and not re-litigated in whole or in part at any point in the future.

15. The parties have agreed to file the Agreement with the Court as Exhibit A hereto.

16. Should the Court find that the Agreement is fair, the parties respectfully request that the attached proposed Order be entered by the Court.

**WHEREFORE,** the parties respectfully request an Order: (1) approving of the Agreement between the parties; and, (2) dismissing all claims in the action with prejudice and without costs or attorneys' fees granted to either party as against the other.

Dated: January 23, 2017

_____
Innessa S. Melamed
**FARUQI & FARQUI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
(212) 983-9330
imelamed@faruqilaw.com

Adam Gonnelli
**THE SULTZER LAW GROUP**
280 Highway 35, Suite 304
Red Bank, NJ 07701
(732) 741-4290
gonnellia@thesultzergroup.com

Ty Frankel
**BONNETT FAIRBOURN FRIEDMAN & BALINT, P.C.**
2325 E. Camelback Rd., Ste. 300
Phoenix, AZ 85016
(602) 274-1100
tfrankel@bffb.com

*Attorneys for Plaintiffs*

_____
Eric S. Tilton
**TILTON BELDNER LLP**
626 RxR Plaza
Uniondale, New York 11556
(631) 629-5291
Email: etilton@tiltonbeldner.com

*Attorneys for Defendant*